BLD-148                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2162
_____

DENNIS SHIPMAN, on behalf of his minor child K.S.

v.

ALICIA ALI BROOKS

Dennis Shipman,
                              Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil No. 1-14-cv-01472)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016

Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 2, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dennis Shipman, proceeding pro se, appeals an order of the United States District Court for the District of Delaware dismissing his civil rights action. For the reasons that follow, we will summarily affirm the judgment of the District Court.[1]

On December 10, 2014, Shipman filed a complaint against his son's mother in District Court pursuant to 42 U.S.C. § 1983. Shipman asked the District Court to review and vacate a November 25, 2014 order of the Delaware Supreme Court affirming a Delaware Family Court decision that granted by default judgment custody of his son to his son's mother. Shipman alleged that the Family Court lacked jurisdiction and failed to follow state law and procedures. He claimed that the state court orders violate his rights to due process and equal protection and his rights under the Fourth Amendment. Shipman also moved to recuse the District Judge assigned to his case.

The District Court dismissed the complaint for lack of subject matter jurisdiction and as frivolous under 28 U.S.C. § 1915(e)(2)(B). The District Court explained that the Rooker-Feldman[2] doctrine barred review of the Delaware state court decisions, that the Court must abstain to the extent the guardianship action remained pending in state court, and that, while the parties were presumably citizens of different states, the domestic relations exception to diversity jurisdiction applied. The District Court also denied Shipman's motion for recusal. This appeal followed.

_____

[1]This appeal was previously dismissed for failure to pay the filing fee. We grant Shipman's motion to reopen his appeal and motion to proceed in forma pauperis.

[2]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the order of dismissal is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review the denial of the recusal motion for abuse of discretion. Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

We agree with the District Court that it lacked jurisdiction to entertain Shipman's complaint under the Rooker-Feldman doctrine, which established that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

These requirements are squarely met here. Shipman lost in state court when the Delaware Supreme Court upheld the Family Court's custody order. The state court judgments were rendered before he filed his complaint in District Court. As noted above, Shipman asks the District Court to vacate the state court decisions for lack of jurisdiction and failure to follow state law and procedures. To the extent Shipman claims violations of his rights to due process and equal protection and his Fourth Amendment rights, these

Appeals v. Feldman, 460 U.S. 462 (1983).

claims stem from the state court decisions.  See id. at 166-67 (federal court lacks jurisdiction when the source of the injury is the state court judgment as opposed to the defendant's actions).[3]  Because we conclude that the Rooker-Feldman doctrine applies, we need not address the other reasons advanced by the District Court in dismissing the complaint.

We also conclude that the District Court did not abuse its discretion in denying Shipman's motion for recusal.  Shipman sought recusal under 28 U.S.C. § 455(a) based on the District Judge's adverse rulings in his other cases.  As recognized by the District Court, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  To the extent Shipman contends that the District Judge formed opinions based on events occurring in his other proceedings, he has not shown a "deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.  Shipman's motion to stay his appeal is denied.

---

[3]Shipman also asserted in his complaint that a constitutional challenge to a state statutory scheme is cognizable under § 1983, but he did not bring such a challenge.